CLERK'S OFFICE U.S. DIST. CC
AT ROANOKE, VA
FILED

FEB 18 2010

JOHN F. CORCORAN, CLE[RK]
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GONZALEZ GOMEZ-OLIVAS, ) | |
| ) | |
| Petitioner, ) | Case No. 7:10CV00066 |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| ) | |
| TERRY O'BRIEN, WARDEN, ) | By: Glen E. Conrad |
| ) | United States District Judge |
| Respondent. ) | |

Petitioner Gonzalez Gomez-Olivas, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenges the validity of his confinement pursuant to the 2000 judgment of the United States District Court for the District of Wyoming under which he stands convicted of conspiracy to distribute crack cocaine. Specifically, petitioner argues that his 30-year sentence as to this conviction was unlawfully enhanced, based on prior convictions that did not meet the requirements for enhancement. Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under § 2241.

## Background

Petitioner was convicted in 1997 in the United States District Court for the District of Wyoming of possession with intent to distribute and distribution of cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The Court sentenced him to life imprisonment, based on his prior convictions. Petitioner appealed, and the United States Court of Appeals for the Tenth Circuit reversed his conviction on grounds unrelated to his current claims. Petitioner was retried and convicted of the same charge and sentenced on January 31, 2000 to thirty years imprisonment. His pleadings do not indicate whether or not he appealed this new judgment or whether he has previously filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, regarding this judgment.

Petitioner signed and dated this § 2241 petition on January 8, 2010, although the court did not receive the petition until February 10, 2010. In his petition, he raises three claims related to the use of his prior convictions to enhance his sentence in January 2000.

## Discussion

Petitioner's claims challenge the validity of his federal sentence, rather than the calculation of the term of confinement under that sentence. If a federal inmate wishes to challenge the validity of his sentence as imposed, he must ordinarily proceed by filing a motion under 28 U.S.C.A. § 2255 in the court in which he was convicted. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Under very limited circumstances, an inmate may challenge the legality of his conviction or sentence by filing a petition for a writ of habeas corpus, pursuant to § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

§ 2255(e) (emphasis added). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Applying these principles to petitioner's claims, the court concludes that the claims must be dismissed. All of his claims concerning the enhancement of his sentence based on prior convictions would have been cognizable under § 2255. See, e.g., Johnson v. United States, 544 U.S. 295, 305-06 (2005). Thus, petitioner can bring the claims under § 2241 only if he proves under Jones that § 2255 is an inadequate or ineffective remedy. He fails to do so. He does not

point to any intervening change in "substantive law" under which his federal offense conduct—conspiracy to possess controlled substances with intent to distribute—is no longer criminal, and the court is unaware of any such change in law.

## Conclusion

Based on the foregoing, the court concludes that petitioner cannot meet the elements of the Jones standard so as to allow the court to address his claims under § 2241. Jones, 226 F.3d at 333-34. Therefore, the § 2241 petition must be dismissed. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 18th day of February, 2010.

United States District Judge